IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

OTTO ARCHIVE, LLC, )
 )
        Plaintiff, )
 )
    v. ) Case No. _____
 )
SOUTHLAND PARTNERS, L.L.C. )
D/B/A KELLER WILLIAMS SOUTHLAND )
PARTNERS, LLC, D/B/A )
LONNIE BRANSON REAL ESTATE, )

## COMPLAINT

Plaintiff OTTO Archive, LLC ("<u>Plaintiff</u>") sues defendant Southland Partners, L.L.C. d/b/a Keller Williams Southland Partners, LLC, d/b/a Lonnie Branson Real Estate("<u>Defendant</u>"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York County, New York.

2. Defendant is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business located at 1006 W. Foxwood Dr., Raymore, MO 64083. Defendant's agent for service of process is Collins & Jones, P.C., 270 Chestnut Street, PO Box 551, Osceola, MO 64083.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has subject personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

**I.    Plaintiff's Business and History**

5. Plaintiff is a global photography distribution network representing over 30 master contemporary photographers. Plaintiff licenses design, architectural and interior imagery of preeminent architects and designers. Its collection also features unique locations, landscapes, and industrial images.

6. With an unparalleled focus on customer focus and premiere imagery, Plaintiff's commitment to clients and photographers sets it apart from other agencies.

7. Plaintiff provides the environment, business sensibilities, and experience within syndication that its clients seek as an alternative to traditional corporate agencies.

8. Plaintiff maintains a commercial website (https://www.ottoarchive.com/) which describes the photography services offered by Plaintiff, offers a list of the photographers it

represents including a sample of some of their imagery, and invites prospective customers to contact Plaintiff to arrange for licensing

**II.     The Work at Issue in this Lawsuit**

9. Lisa Romerein and Tim Hirschmann are some of the many renowned photographers represented by Plaintiff.

10. Ms. Romerein is a Los Angeles-based photographer specializing in food and lifestyle, architecture, interiors and gardens, travel, and portraiture (https://www.ottoarchive.com/CS.aspx?VP3=SearchResult&VBID=2S6W9EZ743ZD1&SMLS=1&RW=1920&RH=923). Her clients include renowned industry pioneers such as Ferguson & Shamamian, Monique Lhuillier, and Cox London. Ms. Romerein has photographed *The Crossroads Cookbook* by Chef Tal Ronnen; *Small Bites, Big Nights*, a collaboration with Chef Govind Armstrong; and Brooke and Steve Giannetti's *Patina Style* and *Patina Farm*. She also served as the principal photographer for Diane Keaton's *The House That Pinterest Built* and landscape designer Scott Shrader's *The Art of Outdoor Living*. Currently, Ms. Romerein is working on the upcoming book for Lotusland, considered one of the top ten gardens in the world. Her client roster includes Lucifer Lighting, Casa Del Mar, Kallista/Kohler, Restoration Hardware, Lucky Brand, Pratt and Lambert, Progress Lighting, Waterford, Cox London, the National Pork Board, Shutters on the Beach, Fairmont Hotel, Meadowood, Malibu Beach Inn, Canary Hotel, Gearys, HGTV, St. John's Hospital, Cedars-Sinai Hospital, Jeffrey Alan Marks, Marshall Watson, *Architectural Digest*, Victoria Hagan, Windsor Smith, Arteriors, *C Magazine*, Paul Wiseman, Rose Tarlow, Chad Eisner, *Veranda*, *Town & Country*, Commune Design, KAA Design, *Coastal Living*, *House Beautiful*, Oceana Hotel, Matthew Leverone, *Los Angeles*

*Magazine*, *Sunset Magazine*, *Martha Stewart Living*, and Ferguson & Shamamian, among many others.

11. Mr. Hirschmann's work can be appreciated in two design Books: *The New Naturalists: Inside the Homes of Creative Collectors*, and *More is More: Memphis, Maximalism, and New Wave Design*. It can also be found regularly in *Architectural Digest*, *Clever and Domino*, *Dwell*, *Wallpaper,* and *Elle Decor*. Mr. Hirschmann's list of clients includes Modern Animal, Bottega Louie, The Desert Wave, Ephemeral Tatto, TRNK, Pete's Coffee, Stayner Architects, Design, Bitches, Lutron Electronics/Ketra Lighting, BULLI, Lewis|Schoeplein Architects, Brophie Interiors, OTIIMA USA, and Appel Architecture. His photographic portfolio can be viewed at his professional website (at https://www.timhirschmann.com/).

A. **The First Photograph**

12. Ms. Romerein created a professional photograph titled "HomeFront_KitchenOverall2-0040-Edit.jpg" (the "First Photograph"). A copy of the First Photograph is displayed below:



13. The First Photograph was registered by Ms. Romerein with the Register of Copyrights on December 3, 2020 and was assigned Registration No. VA 2-227-284. A true and correct copy of the Certificate of Registration pertaining to First Photograph is attached hereto as "**Exhibit A.**"

B. *The Second Photograph*

14. Mr. Hirschmann created a professional photograph titled "OT2145719" (the "Second Photograph"). A copy of the Second Photograph is displayed below:



15. The Second Photograph was registered by Mr. Hirschmann with the Register of Copyrights on June 17, 2022, and was assigned Registration No. VA 2-306-599. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

16. The First Photograph and Second Photograph are collectively referred to herein as the "Work."

17. For all times relevant to this action, Plaintiff and the above-named photographers were parties to one or more written agreements whereby such photographers conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreements likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreements or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

18. Defendant operates as a real estate agency specializing in managing transactions for buying and selling homes, townhomes, new construction, condos, and land. Defendant promotes on its business website to be "known for providing the highest level of service and accountability in the ever-changing environment of real estate."

19. Defendant advertises/markets its business through its website (https://www.lonniebranson.com/), social media (e.g., https://www.facebook.com/LonnieBransonRealEstate and https://www.instagram.com/lonniebransonrealestate/), and other forms of advertising.

20. On December 22, 2020 (after the above-referenced copyright registration of the First Photograph), Defendant displayed and/or published the First Photograph on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business (at: https://www.lonniebranson.com/2020/12/22/how-to-create-the-perfect-furniture-layout/)



21. On September 29, 2021 (prior to the above-referenced copyright registration of the Second Photograph), Defendant displayed and/or published the Second Photograph on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business (at: https://www.lonniebranson.com/2021/09/29/the-8-hottest-design-trends-of-fall-2021-revealed-and-how-to-use-them-to-transform-your-home/) :



22. A true and correct copy of the screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

23. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

24. Defendant utilized the Work for commercial use.

25. Upon information and belief, Defendant located a copy of each photograph comprising the Work on the Internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

26. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the First Photograph on July 24, 2023 and Second Photograph on November 21, 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of the Work.

27. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (*First Photograph*)

28. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

29. The First Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

30. Ms. Romerein owns a valid copyright in the First Photograph, having registered such photographs with the Register of Copyrights.

31. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Photograph by the subject photographer(s)).

32. As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Defendant had access to the First Photograph prior to its own reproduction,

distribution, and public display of the First Photograph on Defendant's website, webpage, and/or social media.

33. Defendant reproduced, distributed, and publicly displayed the First Photograph without authorization from Plaintiff.

34. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

35. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2025 All rights reserved"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff

has sufficiently pled a willful violation...."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

36. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

37. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, which amounts shall be proven at trial.

38. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

39. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

40. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for the First Photograph;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Photograph or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (*Second Photograph*)

41. Plaintiff re-alleges and incorporates paragraphs 1 through 27 as set forth above.

42. The Second Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

43. Mr. Hirschmann owns a valid copyright in the Second Photograph, having registered such photographs with the Register of Copyrights.

44. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second Photograph by the subject photographer(s)).

45. As a result of Plaintiff's reproduction, distribution, and public display of the Second Photograph, Defendant had access to the Second Photograph prior to its own reproduction,

distribution, and public display of the Second Photograph on Defendant's website, webpage, and/or social media.

46. Defendant reproduced, distributed, and publicly displayed the Second Photograph without authorization from Plaintiff.

47. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

48. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

49. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Second Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Second Photograph, which amounts shall be proven at trial.

50. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Second Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

Dated: June 5, 2025            Respectfully submitted,

                                         **BERKOWITZ OLIVER LLP**

                                         By: */s/ Kirk A. Peterson*
                                                 Kirk A. Peterson, MO Bar #41189
                                                 2600 Grand Boulevard, Suite 1200
                                                 Kansas City, Missouri 64108
                                                 Telephone: (816) 561-7007
                                                 Facsimile: (816) 561-1888
                                                 kpeterson@berkowitzoliver.com

                                         ***Attorneys for Plaintiff Otto Archive, LLC***

## CERTIFICATE OF SERVICE

      I certify that on this 5th day of June 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Missouri using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

                                    */s/ Kirk A. Peterson*
                              ***Attorney for Plaintiff Otto Archive, LLC***

14
Case 4:25-cv-00416-JAM   Document 1   Filed 06/05/25   Page 14 of 14